UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6048-Cr-FERGUSON/SNOW

UNITED STATES OF AMERICA     )
                             )
         Plaintiff,          )
                             )
v.                           )    **GOVERNMENT'S RESPONSE TO THE**
                             )    **STANDING DISCOVERY ORDER**
                             )
VINCENT MORGAN,              )
                             )
         Defendant.          )
_____)

The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

    A.    1.    Audio recordings of statements made by the defendants can be obtained by making arrangements with undersigned counsel. Specifically, these tapes can be reviewed at the discovery conference as set forth in paragraph A 6 below. Copies of these tapes can be obtained by providing blank audio tapes to undersigned counsel. These tapes will be used for copying and then returned forthwith.

           2.    Attached are excerpted copies of agent reports reflecting summaries of the defendant's statements which the government would introduce at the defendant's trial. These summaries are bate stamp numbered 001. A copy of the signed waiver of rights is attached and bate stamp numbered 002.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of Mr. MORGAN is attached and bate stamp numbered 003. The government is currently unaware of any prior convictions of the

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government



        intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for **April 13, 2000 at 10:00 a.m.** Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady</u>.

D. Information concerning any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of <u>Giglio</u> or <u>Napue</u> once compiled, will be furnished to the defendant at a reasonable time prior to trial.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government is aware that the defendant participated in other importations and distributions of cocaine in the same manner and with unindicted conspirators as part of a large

- 2 -

        narcotics operation.  Should this matter proceed to trial, the government would seek to introduce evidence concerning the ongoing nature of the drug trafficking venture.  It is the position of the government that this evidence is relevant to show motivation, knowledge, opportunity and *modus operandi* on the part of the defendant, as well as involve facts which are inextricably intertwined with those relevant to the prosecution of the instant case. You are hereby on notice that all such evidence may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

        If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed.  As usual, random samples have been set aside to be used as evidence at trial.

L.     No vehicle was seized by the government at this time that was involved in the transportation of any contraband.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time:
    Date:
    Place:

The attachments to this response are numbered pages 001 through 003. Please contact the undersigned Assistant United States Attorney if any pages are missing.

    Respectfully submitted,

    THOMAS E. SCOTT
    UNITED STATES ATTORNEY

By: _____
    SCOTT H. BEHNKE
    ASSISTANT UNITED STATES ATTORNEY
    ATTORNEY NUMBER A5500005
    500 EAST BROWARD BLVD. SUITE 700
    FT. LAUDERDALE, FL.33394
    Tel: (954) 356-7255 ext. 3518
    Fax: (954) 356-7228
    E-mail:afls101.po.sbehnke@usdoj.gov

cc: Special Agent Joel Mahabir (USCS-Ft.L)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered to Timothy M. Day, AFPD, at 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301 on this the 20th day of March, 2000.

_____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY