

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

---

May 09, 2001

RE: 00-14021-GG    USA v. Vincent Jaen Morgan
DC DKT NO.: 00-06048 CR-WDF

- TO:  Clarence Maddox
- CC:  Timothy Day
- CC:  Kathleen M. Williams
- CC:  Dawn Bowen
- CC:  Anne R. Schultz
- CC:  Jonathan D. Colan
- CC:  Scott Behnke
- CC:  Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

May 09, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 00-14021-GG    USA v. Vincent Jaen Morgan
DC DKT NO.: 00-06048 CR-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original Exhibits, consisting of: one psi.
Original record on appeal or review, consisting of: three volumes.

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Lisa Streeter (404) 335-6134

Encl.

MDT-1 (1-2001)

# United States Court of Appeals /SS
For the Eleventh Circuit

No. 00-14021

District Court Docket No.
00-06048-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 10, 2001

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT JAEN MORGAN,

Defendant-Appellant.



MAY 1

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

A True Copy
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

Entered: April 10, 2001
For the Court: Thomas K. Kahn, Clerk
By: McCombs, Elaine



ISSUED AS MANDATE
MAY 0 9 2001
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 1 0 2001

THOMAS K. KAHN
CLERK

No. 00-14021
Non-Argument Calendar

D.C. Docket No. 00-06048-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT JAEN MORGAN,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(April 10, 2001)

Before EDMONDSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Vincent Jaen Morgan ("Morgan") appeals his 46-month sentence imposed upon a plea of guilty to attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.

Morgan argues that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), drug quantity is a an element of a drug offense that must be charged in the indictment and proven to a jury beyond a reasonable doubt. He also argues that, because the indictment did not specify a drug quantity, he pled guilty to violating 21 U.S.C. § 841(b)(1)(C). Morgan contends that, under *Apprendi*, the amount of cocaine cannot be used to calculate his sentencing guideline range and that he should be sentenced to a base offense level of 12, the offense level for the lowest allowable amount of cocaine. Finally, Morgan contends that the court erred by relying on Morgan's stipulation to the drug quantity, because Morgan was unaware of *Apprendi*, and, therefore, he did not knowingly and voluntarily waive his right to have the drug quantity pled in the indictment and proven to a jury.

This court reviews a district court's interpretation of the guidelines *de novo*. *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000). Moreover, the applicability of *Apprendi* to a particular case is a pure question of law that is reviewed *de novo*. *See id.*

After reviewing the record, we conclude that Morgan was properly sentenced beneath the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity. Moreover, there is no support for Morgan's contention that *Apprendi* applies to guideline calculations within the statutory maximum, or that he should be sentenced to the lowest base offense level for a drug offense. Thus, the district court did not err in sentencing Morgan, and we affirm his sentence.

**AFFIRMED.**

A true copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: Lisa Steele
Deputy Clerk
Atlanta, Georgia